**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
(Alexandria Division)

```
-------------------------------------------------------------X
In re:                                          :    Chapter 11
                                                :
Martin Alan Burke                               :    No. 18−13979−BFK
                                                :
         Debtor.                                :
                                                :
-------------------------------------------------------------X
```

**DISCLOSURE STATEMENT IN SUPPORT OF**
**DEBTOR'S CHAPTER 11 PLAN**
**DATED DECEMBER 17, 2019**

     Martin Alan Burke, Debtor in Possession, through the undersigned counsel, hereby submits to his creditors this Disclosure Statement in connection with his Chapter 11 Plan dated December 17, 2019 (the "Plan") pursuant to Chapter 11 of Title 11, U.S.C. (the "Code").

    I.    **Preliminary Statement**

     The Debtor submits this Disclosure Statement to all of his creditors in order to comply with the provisions of the Code requiring the submission of information necessary for creditors to arrive at an informed decision in exercising their rights to vote for acceptance or rejection of the Plan, presently on file with the United States Bankruptcy Court for the Eastern District of Virginia (the "Court"). A copy of the Plan accompanies this Disclosure Statement.

    II.    **Summary of Plan and Code Provisions for Voting**

        A.    **Repayment of Creditors**

     The Plan provides for payment of allowed administrative expenses, priority claims, secured claims and unsecured claims in full, either in cash or in deferred cash payments. This is a reorganizing Plan. The reorganization will result in the retention of Debtor's property and payment of secured claims thereon. The Plan will be funded primarily by the income of the Debtor.

     This Disclosure Statement contains a detailed discussion of the Plan and its implementation. This Disclosure Statement should be read in conjunction with the Plan, which is a legal document and upon confirmation will become binding on the Parties.

Daniel M. Press, VSB# 37123
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
Counsel for Debtor

Creditors should read the Plan and this Disclosure Statement in their entirety, rather than relying on this summary. The Debtor urges creditors and other parties in interest to consult with independent counsel in connection with their decision to accept or reject the Plan. Approval of this Disclosure Statement by the Court is not a decision on the merits of the Plan.

### B.  VOTING PROCEDURES AND CONFIRMATION REQUIREMENTS

1. Ballots and Voting Deadline.

A Ballot[1] to be used for voting to accept or reject the Plan will be distributed, along with this Disclosure Statement and the Plan, upon approval of the Disclosure Statement by the Bankruptcy Court. Creditors of the Debtor must (1) carefully review the Ballot and instructions thereon; (2) execute the applicable Ballot; and (3) return the completed Ballot to Chung & Press, P.C., Attn: Daniel M. Press, Esq., 6718 Whittier Ave., Suite 200, McLean, Virginia 22101 so as to be received by 5:00 p.m. on _____, 20___. Ballots received after the deadline may not be considered.

2. Creditors Entitled to Vote.

Any Creditor of the Debtor whose Claim is impaired under the Plan is entitled to vote, provided that (1) its Claim has been scheduled by the Debtor (and such Claim is not scheduled as disputed, contingent or unliquidated), or (2) it has filed a Proof of Claim on or before the last date set by the Court for such filing, which claim has not been disallowed, and no objection to such Proof of Claim is pending at the time of the confirmation hearing. Any Class of Claims or Interests that is not impaired by the Plan, and each holder of a Claim or Interest of such Class, are conclusively presumed to have accepted the Plan and solicitation of acceptances with respect to such Class from the holders of Claims or Interests of such Class is not required.

Any Claim or Interest as to which an objection has been filed (and such objection is still pending) is not entitled to vote, unless the Court temporarily allows the Claim or Interest in an amount which it deems proper for the purpose of accepting or rejecting the Plan upon motion by the Creditor or holder of an Interest whose Claim or Interest is subject to objection. In addition, the vote of a Creditor or holder of an Interest may not be counted if the Court determines that the Creditor's or Interest holder's acceptance or rejection was not solicited or procured in accordance with the provisions of the Bankruptcy Code.

Even though a creditor may not choose to vote or may vote against the Plan, the creditor will be bound by the terms and treatment set forth in the Plan if the Plan is accepted by the requisite majorities in each class of creditors and/or is confirmed by the Court. Allowance of a claim for voting purposes does not necessarily mean that the claim will be allowed or disallowed for purposes of distribution under the terms of the Plan. Any claim to which an objection has been or will be made will be allowed only for distribution after determination by the Court. Such determination may be made after the Plan is confirmed.

---

[1] Under the Plan, the term "Ballot" means the form distributed to each holder of an impaired Claim on which is to be indicated, among other things, acceptance or rejection of the Plan.

2

3.  <u>Definition of Impairment.</u>

Under § 1124 of the Bankruptcy Code, a Class of Claims or Interests is impaired under a plan of reorganization unless, with respect to each Claim or Interest of such Class, the plan (1) leaves unaltered the legal, equitable, and contractual rights of the holder of such Claim or Interest, or (2) reinstates the Claim or Interest pursuant to its original terms and cures any default.

4.  <u>Classes Impaired Under the Plan.</u>

Creditors holding Claims in Class B are impaired under the Plan and are eligible, subject to the limitations set forth above, to vote to accept or reject the Plan. Creditors holding Claims in Classes A and C are unimpaired under the Plan and are not entitled to vote with respect to the acceptance or rejection of the Plan. Such Creditors will be paid in full or otherwise treated in accordance with the provisions of the Plan. Creditors in Class D are impaired and deemed to reject the Plan, and are therefore not entitled to vote.

5.  <u>Vote Required for Class Acceptance</u>

The Bankruptcy Code defines acceptance of a Plan by a Class of Creditors as acceptance by holders of two-thirds in dollar amount and a majority in number of the Allowed Claims of that Class which actually cast ballots to accept or reject the Plan.

6.  <u>Requirements for Confirmation</u>.

In order to be confirmed (i.e., approved) by the Bankruptcy Court, the Plan or its proponent must (among other requirements set forth in § 1129 of the Bankruptcy Code):
   a.  Disclose all compensation paid or promised for professional services rendered or to be rendered in connection with the case;
   b.  Disclose the identity and affiliations of all officers to serve after the Plan is confirmed and the compensation of any insiders to be employed after Confirmation;
   c.  Propose to pay each member of a class of Claimants, who has not accepted the Plan, property at least equal in value to what the Claimant would receive if the Debtor's assets were liquidated on the date of the Confirmation Hearing, and distributed to Creditors according to their rights and priorities under law;
   d.  Propose to pay all Administrative Claims in full;
   e.  Propose to pay all Priority Claims in full in deferred payments or cash; and
   f.  Propose to pay all Priority Tax Claims in full within five years after the order for relief in this case, in a manner not less favorable than the non-priority unsecured claims.

7.  <u>Confirmation Hearing</u>.

The Bankruptcy Code requires that the Bankruptcy Court hold a Confirmation Hearing with notice to all Creditors. The Confirmation Hearing is scheduled for

_____, 2019, at _____ before the Honorable Brian F. Kenney, United States Bankruptcy Judge, Courtroom I, 200 S. Washington Street, Alexandria, VA 22314. The Confirmation Hearing may be adjourned or continued by the Bankruptcy Court without further notice except for an announcement made of the adjourned or continued date made at the Confirmation Hearing.

At the Confirmation Hearing, the Bankruptcy Court shall determine whether the requirements of the Bankruptcy Code have been satisfied, in which event the Bankruptcy Court shall enter an order confirming the Plan. With respect to creditor acceptance of the Plan, if the requisite members of an impaired Class do not vote to accept the Plan as provided in Section II.B.5. above, the Debtor may seek confirmation pursuant to § 1129(b) of the Bankruptcy Code, known as the "cramdown" procedure. Pursuant to this section, the Bankruptcy Court may confirm the Plan notwithstanding the nonacceptance by an impaired Class if at least one impaired Class votes to accept the Plan, the Plan does not discriminate unfairly, and is "fair and equitable" to the non-accepting Class.

A plan does not discriminate unfairly within the meaning of the Bankruptcy Code if no Class receives more than it is legally entitled to receive for its Claims or Equity Interests. The Bankruptcy Code establishes different "fair and equitable" standards for Secured and Unsecured Claims.

With respect to a Secured Claim, a plan may be "fair and equitable" if (1) the impaired Secured Creditor retains its liens to the extent of its Allowed Claim and receives deferred cash payments at least equal to the allowed amount of its Claim with a present value as of the Effective Date at least equal to the value of such Creditor's interest in the property securing its liens, (2) property subject to the lien of the impaired Secured Creditor is sold free and clear of that lien, with that lien attaching to the proceeds of sale, and such lien proceeds must be treated in accordance with clauses (1) and (3) hereof, or (3) the impaired Secured Creditor realizes the "indubitable equivalent" of its Claim under the plan.

With respect to an Unsecured Claim, a plan may be "fair and equitable" if (1) each impaired Unsecured Creditor receives or retains property of a value equal to the amount of its Allowed Claim, or (2) the holder of any Claim or Interest that is junior to the claims of the dissenting Class will not receive any property under the plan on account of such claim or interest, except that, as the Debtor is an individual, he may retain exempt property and property included in the estate under 11 U.S.C. § 1115, namely property acquired after commencement of the case and post-petition earnings.

Finally, it must be noted that even though a Creditor or holder of an Interest may vote to reject the Plan, such rejection of a confirmed Plan does not mean that the Creditor or holder of an Interest will not be entitled to share in any distributions to be made under the Plan.

    III.    **REQUISITE DISCLOSURES**

    A.    Representations Limited

NO REPRESENTATIONS CONCERNING THE DEBTOR, PARTICULARLY REGARDING FUTURE BUSINESS OPERATIONS OR THE VALUE OF THE DEBTOR'S ASSETS, HAVE BEEN AUTHORIZED BY THE DEBTOR EXCEPT AS SET FORTH IN THIS STATEMENT. YOU SHOULD NOT RELY ON ANY OTHER REPRESENTATIONS OR INDUCEMENTS PROFFERED TO YOU TO SECURE YOUR ACCEPTANCE OR REJECTION IN ARRIVING AT YOUR DECISION IN VOTING ON THE PLAN. ANY PERSON MAKING REPRESENTATIONS OR INDUCEMENTS CONCERNING ACCEPTANCE OR REJECTION OF THE PLAN SHOULD BE REPORTED TO COUNSEL FOR THE DEBTOR AT THE ADDRESS ABOVE, TO THE CLERK OF THE COURT AT 200 S. WASHINGTON STREET, ALEXANDRIA, VA 22314 AND TO THE U.S. TRUSTEE AT 115 SOUTH UNION ST., SUITE 210, ALEXANDRIA, VIRGINIA 22314. FOR VARIOUS REASONS, THE RECORDS OF THE DEBTOR PRIOR TO PREPARATION OF THIS PLAN MAY NOT HAVE BEEN COMPLETE AND THE ACCURACY OF THE INFORMATION SUBMITTED WITH THIS STATEMENT IS DEPENDENT ON INFORMATION AVAILABLE TO THE DEBTOR WITH THE ASSISTANCE OF COUNSEL. WHILE EVERY EFFORT HAS BEEN MADE TO PROVIDE THE MOST ACCURATE INFORMATION AVAILABLE, THE DEBTOR IS UNABLE TO WARRANT OR REPRESENT THAT ALL INFORMATION IS WITHOUT INACCURACY. THERE ARE NO KNOWN INACCURACIES. WHILE EVERY EFFORT HAS BEEN MADE TO ENSURE THAT THE ASSUMPTIONS ARE VALID AND AS ACCURATE AS CAN BE MADE UNDER THE CIRCUMSTANCES, NEITHER THE DEBTOR NOR HIS ATTORNEYS UNDERTAKE TO CERTIFY OR WARRANT THE ABSOLUTE ACCURACY OF THE ASSUMPTIONS OR PROJECTIONS.

UNLESS OTHERWISE INDICATED, NO FORMAL APPRAISALS HAVE BEEN UNDERTAKEN OF THE DEBTOR'S PROPERTY. UNLESS AN APPRAISAL IS PROVIDED OR THE COURT HAS PREVIOUSLY DETERMINED THE VALUE OF AN ASSET, THE VALUES PLACED THEREON AND SUMMARIZED BELOW ARE THE DEBTOR-IN-POSSESSION'S BEST ESTIMATE OF THE VALUE OF THE PROPERTY AS OF THE TIME OF THE FILING OF THE PLAN AND THIS DISCLOSURE STATEMENT. THESE VALUES MAY DIFFER FROM VALUES PLACED ON THE SAME PROPERTY AT THE TIME OF FILING OF THE PETITION FOR RELIEF AND THE SUBSEQUENT SCHEDULES.

B.    Background

The Debtor is an individual resident of Loudoun County, Virginia, and is employed as the president of Integrated Solutions Management, Inc., a privately-held technology company in which he is also a shareholder. The Debtor resides in a home that he rents, having sold his home during the case to reduce expenses.

C.    Events Leading to Bankruptcy

The Debtor had accrued significant federal and state tax debts over several years which he was unable to pay while staying current on his mortgage. Debtor filed bankruptcy to facilitate the short sale of his home and to provide a means for payment of those tax liabilities.

D.    Procedural Posture of the Bankruptcy Case

On November 27, 2018 (the "Petition Date"), the Debtor filed a voluntary petition in this Court for reorganization relief under Chapter 11 of title 11 of the U.S. Code (as amended, the "Bankruptcy Code"). The Debtor continues to hold his assets as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. An unsecured creditors' committee has not been appointed in this case. No trustee or examiner has been appointed. The claims bar date passed on April 3, 2019 (May 28, 2019 for governmental units). During the case, the Debtor sold his residence and rented a new one, which freed up some income to fund a plan, and provided for the release of liability for a deficiency on the second mortgage.

E.    Assets

The estate's assets consist of two exempt vehicles and one that is fully encumbered; household items, wearing apparel, funds in the bank, and a small 401(k) plan, all of which are fully exempt; and Debtor's 14% interest in the company for which he works, Integrated Solutions Management, Inc., which company has a negative net worth, and which is believed to have no market value.

As such, in the event of a Chapter 7 liquidation, as all assets are fully exempt, it is estimated that there would be zero distribution to unsecured creditors.

F.    Creditors Committee

No creditors committee has been formed in this case.

G.    Professionals

The Debtor has retained the firm of Chung & Press, P.C. (Daniel M. Press), as bankruptcy counsel. The appointment of the foregoing professionals has been approved by the Court.

Chung & Press, P.C., has not yet been paid for work related to this case, other than $2475 for prepetition services. Chung & Press, P.C. expects to file an application for compensation for its fees, which fees are subject to court approval. It is estimated that the fees of Chung & Press, P.C. will be $15-20,000 through confirmation, of which $7525 is in escrow from the pre-petition retainer.

      H.      <u>Officers/Directors and Compensation</u>

As an individual debtor, the requirement to disclose the Debtor's officers and directors is inapplicable.

      I.      <u>Bar Date</u>

The bar date for the filing of pre-petition claims against the Debtor was on April 3, 2019 (May 28, 2019 for governmental units). Under the Plan, Administrative Claims other than for attorneys fees for the undersigned counsel, and any rejection claims, must be filed by the first Business Day thirty (30) days after the Effective Date.

**IV.**    **Classification and Treatment of Claims**

The Plan establishes 4 classes of claims, plus two categories of unclassified claims (for administrative expenses and for priority taxes). The classes of claims are identified and treated as follows:

<u>(I) Unclassified claims</u>

      A.      <u>Administrative Expenses</u>. Administrative Expense claims approved and allowed by the Court shall be paid in full, in cash, on the effective date of the Plan or as soon thereafter as the amount thereof can be fixed, unless a different treatment is agreed to or provided for in this Plan. Administrative claims which by their terms are not due and payable on or before the Effective Date shall be paid as and when due. Legal fees are estimated at $15-20,000 (of which $7525 is in escrow), and Debtor does not anticipate any other administrative expense claims other than U.S. Trustee fees.

Within this class are all pre-confirmation fees payable to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6), which shall be paid on the effective date of the Plan, if not paid sooner. After confirmation, and until the case is closed, the Debtor shall be responsible for timely payment of fees incurred pursuant to 28 U.S.C. § 1930(a)(6).

      B.      <u>Priority Taxes</u>: Allowed Priority Tax claims ($57,067.61 to the IRS, Claim #1) shall be paid in full, with interest at the statutory rate on such claims, in equal quarterly cash payments commencing 90 days after the effective date of the plan (in a minimum amount of $5000/quarter), amortized over the remaining period of 5 years from the Petition Date.

<u>(II) Classified Claims and Interests</u>

      <u>Class A (Priority (non-tax) Claims)</u>: Class A consists of Priority Claims under 11 U.S.C. § 507 other than Administrative Claims and Priority Tax Claims. No such claims have been filed or are believed to exist. To the extent any such claims exist they be paid in full, in cash, by the Debtor on the effective date of the Plan, or as soon thereafter as the amount thereof can be fixed, unless a different treatment is agreed to or provided for in this Plan. This class is not impaired.

<u>Class B (IRS Secured Claim)</u>:  Class B consists of the secured claim of the Internal Revenue Service, secured against all of Debtor's assets, in the amount of $11,751.52 (Claim #1).   The Class B claim shall be paid in full in quarterly cash payments of $5000/quarter. commencing 90 days after payment in full of the priority tax claims, until paid in full, with statutory interest from the petition date until paid, and shall retain its lien on all assets until paid.  This class is impaired.

<u>Class C (Toyota Motor Credit Corporation Secured Claim)</u>.  Class C consists of the claim of Toyota Motor Credit Corporation secured against Debtor's 2010 Toyota Highlander. The Class C creditor shall retain its lien and Debtor shall pay this claim in full pursuant to the terms of the contract.   This class is not impaired.

<u>Class D (General Unsecured Claims)</u>.  Holders of Class D claims shall be paid nothing on account of their claims.   This class is impaired and is deemed to reject the plan.

<u>As to all claims</u>

Payments on any claims which are then subject to objections as to which a Final Order has not been entered shall be deposited in the undersigned counsel's attorney trust account until a Final Order is entered, and shall be paid to the creditor or refunded to the Debtor, as appropriate, upon entry of such a Final Order.  Payments on claims shall be mailed to the address of the creditor on the proof of claim (or, if allowed pursuant to the schedules, to the address on the schedules), unless the creditor files a change of address notice with the Court. No distribution shall be made on any claim until the cumulative distribution on that claim equals at least $20.00, except that the final distribution shall distribute all remaining funds due to each creditor without regard to amount.  Any check mailed to the proper address and returned by the post office as undeliverable, or not deposited within 180 days, shall be void and the funds may be retained by the Debtor.

Nothing herein shall constitute a waiver of the Debtor's right to object to any claim or an acknowledgement that such claim is valid or allowable.

## V.       **Implementation of Plan**

The Debtor shall fund this Plan in part from his wages as well as from a new value contribution from his retirement plan in an amount sufficient to satisfy any unpaid administrative expenses (legal fees).  Debtor shall retain the Assets of the estate and shall pay his ordinary living expenses and pay the creditors the amounts set forth in this plan.

Consistent with the provisions of this Plan and subject to any releases provided for herein, the Debtor reserves the right to begin or continue any adversary proceeding permitted under the Code and Rules to collect any debts, or to pursue his claims in any court of competent jurisdiction.  Except as expressly provided for in this Plan, nothing in this Plan

shall be deemed to constitute a waiver of any claim that the Debtor may assert against any other party, including the holder of any claim provided for in this Plan, and the allowance of any claim against the Debtor or the estate shall not bar any claim by the Debtor against the holder of such claim.

The Debtor shall retain the Assets of the estate, free and clear of all claims and interests of creditors except as specifically provided in the Plan, and shall pay his ordinary living expenses, and pay the creditors the amounts set forth in this plan from his earnings and rents, and otherwise as provided.

It is estimated that the amounts required for implementation of the Plan upon the effective date and thereafter are as follows:

Administrative expense claims:  $15-20,000 (Attorney's fees), from funds on account plus retirement plan.

Priority tax claims: $5000/quarter from earnings.

Class B: $5000/quarter, after payment of priority tax claims.

Class C: $349.74/month.

### VI. Analysis of Liquidation Value of the Estate

In the event of a Chapter 7 liquidation, as all assets are exempt and fully encumbered, it is estimated that there would be no distribution to unsecured creditors.

### VII. Repayment Projections

As provided above in Section IV, general secured and priority claims are expected to be paid at $100% with interest.  General unsecured claims will not be paid.

### VIII. Tax Consequences

The Debtor is not qualified to advise creditors of the specific tax ramifications to them of confirmation of the Plan and therefore makes no representations in this regard. However, the Debtor is not aware of any potential material federal tax consequences to creditors that would result from confirmation of the Plan. Each creditor is urged to consult with a tax advisor as to such matters.

With respect to the Debtor himself, the Debtor does not anticipate any material tax consequences.  Any forgiveness of indebtedness would be exempt from taxation under IRC § 108 due to the discharge in bankruptcy.

### IX. Feasibility/Income:

**A.** The Debtor believes that he will be able to afford the payments based on his anticipated income. While his expenses have exceeded income in some recent months, that has largely been due to the expenses associated with moving and some other unusual expenses (veterinary care for now-deceased pet), as well as some travel expenses for business that will be reimbursed in future months.

Debtor's take-home income is currently about $13,000 monthly. This is sufficient to fund the Plan as proposed.

***B.** Section 1129(a)(15) of the Bankruptcy Code requires that in order to confirm a plan of an individual debtor, if a holder of an unsecured claim objects, the value of the property to be distributed under the plan must be not less than the lesser of the value of the claim or the debtor's projected disposable income to be received during the 5-year period beginning on the date that the first payment is due under the plan. If any holder of an unsecured claim wishes to dispute whether Debtor's plan meets the requirements of § 1129(a)(15), it must file a timely objection to the Plan.*

### X. Modifications or Withdrawals of the Plan

The Debtor may alter, amend, or modify the Plan under § 1127(a) of the Bankruptcy Code at any time prior to the Confirmation Date, so long as the Plan, as modified, meets the requirements of §§ 1122 and 1123 of the Bankruptcy Code. The Debtor may also alter, amend, or modify the Plan under § 1127(b) of the Bankruptcy Code, following the Confirmation Date but prior to the Effective Date. The Debtor may revoke or withdraw the Plan prior to the Confirmation Date. If the Plan is revoked or withdrawn prior to the Confirmation Date, the Plan shall be of no force or effect, and shall be deemed null and void. If the Plan is revoked or withdrawn prior to the Confirmation Date, nothing contained herein shall in any way effect or prejudice the rights of the Debtor with regard to Claims, Avoidance Actions, or any other rights or interests. After confirmation, the plan may be modified pursuant to § 1127(e).

### XI. Objections to Claims, Counterclaims, and Avoidance Actions

The Debtor believes that the claims resolution process should not delay Confirmation of the Plan. The Debtor reserves the right to file objections to any Claims, either as currently filed or as may be amended. In order to expedite payments to creditors, the Debtor seeks Confirmation notwithstanding the fact that he may dispute certain Claims. The fact that the Debtor has not objected to a particular Claim or has not indicated that it is disputed does not mean that the Debtor will not object to such Claim. Accordingly, the Debtor makes no representations either in the Plan or this Disclosure Statement as to the validity of any Claim

filed, and Creditors should not make any assumption based upon the fact that no objection has yet been filed to any individual Claim. ***The Debtor shall file any objections to claims (other than as may be filed or amended after the date of filing of the Plan) on or before 60 days after the Effective Date.***

### XII. Miscellaneous Plan Provisions

A. <u>Executory Contracts and Unexpired Leases.</u>

Pursuant to Article VI of the Plan, any pre-petition Executory Contracts and Leases in effect as of the Effective Date and not specifically rejected will be deemed assumed as of the Effective Date. Any Claims arising from the rejection of Contracts and Leases must be filed on or before the Rejection Claim Bar Date. The Rejection Claim Bar Date is 30 days after the Effective Date, or, if later, 30 days after entry of any Final Order rejecting the Executory Contract or Lease. Absent the filing of a proof of claim on or before the Rejection Claim Bar Date, all Rejection Claims shall be forever barred from assertion and shall not be enforceable against the Debtor, its Estate, Assets, or properties. All Rejection Claims shall be General Unsecured Claims.

**The Debtor maintains that there are no cure amounts necessary with respect to the assumption of any Executory Contract or/and Lease assumed hereunder, and that there are no pre- or post-petition defaults on any such contract or lease. To the extent that any party to any such Executory Contract or/and Lease maintains that there is an amount due to cure any pre- or post-petition default, it must file a timely objection to this plan asserting the amounts claimed to be due. Absent such an objection, all leases and contracts shall be deemed current as of the confirmation date.**

B. <u>Retention of Jurisdiction, Closing</u>.

Pursuant to §§ 105(a) and 1142 of the Bankruptcy Code, the Plan provides for the Bankruptcy Court to retain exclusive jurisdiction over all matters relating to the Plan, including the allowance of Claims and the adjudication of any Avoidance Actions. Upon substantial consummation of the plan, the case shall be closed, but shall be subject to reopening to enforce the terms of this Plan and to enter a discharge. This provision serves to avoid the need to pay U.S. Trustee fees after substantial consummation.

### XIII. <u>Discharge</u>

Upon completion of all payments due to Class B, C and administrative and priority creditors, the Debtor shall be entitled to a discharge of and from all debts dischargeable under § 1141(d) of the Code.

### XIV. <u>Conclusion</u>

As stated previously, the Debtor is the proponent of the Plan and urges you to vote to accept the Plan. The information and materials provided in this Disclosure Statement are intended to assist you in voting on the Plan in an informed fashion. Since

confirmation of the Plan will be binding on your interests, the Debtor invites you to review these materials and make such further inquiries as may be appropriate.

    Dated:    December 17, 2019.

                                                          Respectfully submitted,

                                                    /s/ Daniel M. Press
                                                    Daniel M. Press, VSB 37123
                                                    Chung & Press, P.C.
                                                    6718 Whittier Ave., Suite 200
                                                    McLean, VA 22101
                                                    (703) 734-3800
                                                    (703) 734-0590 fax
                                                    dpress@chung-press.com
                                                    Counsel for the Debtor